IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODGER T. ATWOOD, II,** | : |
| **Plaintiff** | : CIVIL NO. 1:13-CV-1000 |
| v. | : |
| **STATE FARM FIRE AND CASUALTY CO.,** | : |
| | : **(Judge Rambo)** |
| **Defendant** | : |

# **M E M O R A N D U M**

This civil action involves breach of contract and bad faith claims in connection to a homeowner's insurance policy, arising from a fire that occurred at Plaintiff's residence on or about March 31, 2012. Presently before the court is Defendant's amended motion for partial dismissal of the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). (Doc. 17.) For the following reasons, the motion will be granted.

**I.      Background**

   **A.      Facts[1]**

On or about May 2, 2011, Plaintiff, Rodger T. Atwood, II, purchased a homeowner's insurance policy from Defendant, State Farm Fire and Casualty

---

[1] Since the filing of the original complaint, Plaintiff has attempted to amend his complaint on several occasions. Despite the court's instruction that an amended complaint must be "complete in itself" in accordance with Local Rule 15.1, the court nevertheless accepted Plaintiff's proposed amended complaint filed on June 17, 2013 (Doc. 15), finding that the amended complaint, when read liberally and with incorporated portions of the original complaint, satisfied the pleading standards of Federal Rule of Civil Procedure 8. Thus, the factual allegations set forth in this memorandum are largely drawn from Plaintiff's original complaint. (Doc. 1, Ex. 2.) As required when deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations contained in Plaintiff's complaint and amended complaint. (Docs. 1, Ex. 2 & 15.)

Company ("State Farm" or "Defendant") covering Plaintiff's residence and personal property located at 740 Pine Hill Road, Duncannon, Pennsylvania. (Doc. 1, Ex. 2, hereinafter "Compl.", ¶ 6.) On February 7, 2012, federal authorities, headed by the Drug Enforcement Agency in Harrisburg, Pennsylvania, entered Plaintiff's home by knocking down the front door, rendering the property unsecured. (*Id.* ¶ 10.) For a period of time thereafter, Plaintiff temporarily left the area in an attempt to avoid arrest by federal authorities. (*Id.* ¶ 13.) While Plaintiff was "on the lam," he was informed by his brothers that there had been thefts from the house and garage on almost a daily basis. (*Id.* ¶ 14.) Further, a fire occurred at the residence on or about March 31, 2012.[2] (*Id.* ¶ 15.) By letter dated April 3, 2012, Plaintiff gave written notice of the fire and thefts to Defendant along with an inventory of the personal property stolen or destroyed by the fire. (*Id.* ¶ 18.) After receipt of Plaintiff's written notice, Defendant undertook an investigation of Plaintiff's claim. (*Id.* ¶ 19.) To that end, Plaintiff spoke with Greg Lunde, an authorized agent of State Farm, and Ted Marzani, a claim representative and Special Investigations Unit investigator. (*Id.* ¶ 20.)

On May 10, 2012, Plaintiff, his wife, and his parents were arrested in Florissant, Colorado. (*Id.* ¶ 21.) Criminal proceedings were filed against Defendant in the Middle District of Pennsylvania, which include a forfeiture proceeding against Plaintiff's residence. (*Id.* ¶ 34.)

---

[2] Plaintiff avers that there is some dispute as to the actual date of the fire, as between March 3, 29, or 31, 2012. (*Id.* ¶ 15.) Resolution of this issue is immaterial to the present motion.

Defendant has not yet made a decision regarding Plaintiff's insurance claim.[3] (*Id.* ¶ 36.) Thus, Plaintiff has been unable to salvage any personal property from the residence or recover any of the personal property stolen from him,[4] notwithstanding his compliance with all provisions in his policy. (*Id.* ¶¶ 37-38.)

### B. Procedural History

Plaintiff filed his original complaint in the Court of Common Pleas of Cumberland County on or about March 4, 2013. (Doc. 1, Ex. 2.) On April 17, 2013, Defendant filed a notice of removal to federal court, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) On April 24, 2013, Defendant filed a motion to dismiss Plaintiff's complaint (Doc. 2), followed by a brief in support on May 3, 2013 (Doc. 5). Plaintiff filed a brief in opposition on May 8, 2013. (Doc. 8.) On May 15, 2013, Plaintiff filed a document titled "Response to [State Farm]'s Memorandum of Law in Support of its Motion to Dismiss," wherein he requested leave of court to file an amended complaint. (Doc. 10.) The court granted Plaintiff's request and directed him to file an amended complaint by May 29, 2013. (Doc. 11.) Plaintiff failed to file an amended complaint by May 29, 2013, and, on June 3, 2013, the court issued a rule to show cause why an amended complaint had not been filed. (Doc. 12.) On June 10, 2013, Plaintiff responded by filing a letter to the Clerk of Court (Doc. 13) claiming that his May 15 Response (Doc. 10) effectively amended his complaint. The court disagreed, noting that if Plaintiff wished to alter his complaint, he must file an amended complaint, separate and apart from any

---

[3] As explained below, Defendant has delayed its decision regarding Plaintiff's claim because of the pending criminal proceedings.

[4] Plaintiff, however, has not filed a claim for any of the stolen items. (*Id.* ¶ 38.)

3

complaint or document previously filed, and granted him an additional ten days to file an amended complaint. (Doc. 14.) On June 17, 2013, Plaintiff filed an amended complaint (Doc. 15), which the court accepted for filing (Doc. 16). On June 28, 2013, Defendant filed an amended motion to dismiss (Doc. 17), followed by a brief in support on July 12, 2013 (Doc. 19). On July 29, 2013, Plaintiff filed a brief in opposition. (Doc. 20.) A reply brief was not filed, and the time to do so has expired. Thus, the motion is ripe for disposition.

**II.** **Legal Standard**

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.*, 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a) (alterations in original).) In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.** **Discussion**

The amended complaint contains two counts: a claim for breach of contract at Count I, and a claim for bad faith pursuant to 42 Pa. C.S.A. § 8371 at Count II. In the present motion, Defendant requests the court to strike the requests for attorney's fees in Counts I and II, and further requests the dismissal of Count II for failure to state a claim. The court will address each argument separately.

As to the request to strike the demand for attorney's fees, the court notes that Plaintiff's amended complaint withdrew his request for attorney's fees as to Count I, but added a request for attorney's fees to Count II. (*See* Doc. 15 ¶ 11.) Thus, there is no need to strike Plaintiff's demand for attorney's fees at Count I because that demand has already been withdrawn. The court further adds that attorney's fees are not available under Count I because such a remedy is not recoverable under Pennsylvania contract law. *See Scott v. GEICO Gen. Ins. Co.*, 2013 U.S. Dist. LEXIS 85701, *18 (M.D. Pa. June 19, 2013); *Getz v. State Farm Ins. Co.*, 2012 U.S. Dist. LEXIS 152774, *4 (W.D. Pa. Oct. 24, 2012).

Defendant also requests that the court strike Plaintiff's demand for attorney's fees at Count II, arguing that, because Plaintiff is proceeding *pro se*, there are no attorney's fees to be demanded. Plaintiff appears to agree, stating: "Will there be any need to award attorneys' fees in this case? Thanks to this Court, the answer is a resound no, because plaintiff continues to proceed pro se." (Doc. 15, ¶ 13.) The court agrees that Plaintiff can not, at this juncture, recover attorney's fees with respect to this action in light of his *pro se* status. Accordingly, pursuant to Federal Rule of Civil Procedure 12(f),[5] the court will strike Plaintiff's demand for attorney's

---

[5] Federal Rule of Civil Procedure 12(f) permits the court to, on its own or upon motion by any party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or
(continued...)

fees at Count II. However, the court does so without prejudice. If an attorney enters his or her appearance in this action on Plaintiff's behalf, the court will consider a motion by Plaintiff to amend his complaint to add a request for attorney's fees at Count II. *See Aronson v. Creditrust Corp.*, 7 F. Supp. 2d 589, 594 (W.D. Pa. 1998) (taking similar approach with respect to *pro se* plaintiff's demand for attorney's fees).

Next, Plaintiff requests the court to dismiss Plaintiff's bad faith claim at Count II of the amended complaint. Under Pennsylvania law, an insured may receive damages and other relief if the insurer acted in bad faith. 42 Pa. C.S.A § 8371. To establish a claim for bad faith, a Plaintiff must demonstrate that (1) the insurer lacked a reasonable basis for denying benefits and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis. *See Sypeck v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 83326, *6-7 (E.D. Pa. June 15, 2012) (citing *Green v. United Servs. Auto. Ass'n*, 936 A.2d 1178, 1189 (Pa. Super. Ct. 2007)). Moreover, "[a] plaintiff may also successfully make a claim for [] bad faith in an insurer's investigative practices, such as a lack of a good faith investigation into facts, and failure to communicate with the claimant." *Id.* (internal quotations and citations omitted). "Mere negligence or bad judgment is not bad faith." *Id.* (citing *Terlestsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). Bad faith must be established by clear and convincing evidence. *Id.* (citing *O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. Ct. 1999)).

---

[5](...continued)
scandalous matter." Fed. R. Civ. P. 12(f).

7

Plaintiff sets forth three allegations in support of his claim for bad faith. First, Plaintiff asserts that "Defendant possesses no evidence that the fire was not accidental and/or was not an act of vandalism or malicious mischief as claimed by Plaintiff, nor does Defendant possess any evidence that the thefts did not occur as reported by Plaintiff." (Compl. ¶ 46.) Second, Plaintiff challenges Defendant's position that "[t]here is a question whether you or any person under the policy caused or procured a loss to property under this policy for the purpose of obtaining insurance benefits,"[6] claiming that such an assertion is "absurd." (*Id.* ¶ 47.) Lastly, Plaintiff claims that Defendant acted in bad faith "when it waited nearly ten (10) months before first informing Plaintiff why his claim has not been finalized . . . ." (*Id.* ¶ 48.)

Plaintiff's first two allegations are not pertinent to a bad faith claim. Simply alleging that Defendant has no evidence to show that the fire was not accidental, or alleging the absurdity of Defendant questioning whether the fire was intentionally set, without more, is insufficient to state a claim for bad faith. The last allegation, that Defendant waited ten months to inform Plaintiff why his claim was not finalized, could form the basis of a bad faith claim, but, as explained below, the court is not convinced.

The obvious flaw in Plaintiff's argument is that his claim has not been denied. Defendant, in explaining the reason for the inaction regarding Plaintiff's claim, refers the court to a Motion for Post-Indictment Restraining Order that is pending in the criminal case against Plaintiff at Docket Number 1:12-cr-00055-CCC,

---

[6] Defendant's position in this regard was communicated to Plaintiff via letter dated December 12, 2012, which is attached to Plaintiff's original complaint as Exhibit J.

8

wherein the Government requests the court to preserve any property subject to forfeiture, including the excess insurance proceeds on Plaintiff's real and personal property and to issue an order prohibiting State Farm from disbursing any funds in excess of an outstanding mortgage lien. Defendant has taken the position that it will not make any insurance payments to Plaintiff until resolution of that motion. It is apparent from the criminal docket, of which this court may take judicial notice, that the court has stayed consideration of that motion in light of negotiations between Atwood's defense counsel and the Government that might resolve the matter without court intervention. (*See* Docs. 93 & 99, *United States v. Atwood*, Docket No. 1:12-cr-00055-CCC.)

Plaintiff was notified of State Farm's decision to withhold any insurance payments pending resolution of the Motion for Post-Indictment Restraining Order by way of letter dated March 27, 2013, two days after the filing of that motion. (Doc. 15, Am. Compl., Ex. X.) In the letter, Attorney Scott Grenoble (on behalf of State Farm) advised Plaintiff that State Farm was "awaiting clarification from the U.S. Attorney with respect to the scope of the previously received Levy." (*Id*.) Plaintiff was further informed by Attorney Grenoble that State Farm was awaiting a decision from the court or the U.S. Attorney's Office regarding the forfeiture/insurance proceeds issue by way of letters on June 18 and June 27, 2013. (*See* Doc. 17, Exs. C and D.)

Based on Plaintiff's allegations and upon proper consideration of exhibits, the court concludes that Plaintiff has failed to make a claim for bad faith. Plaintiff has failed to plead that Defendant had no reasonable basis to deny coverage, because coverage has not been denied at this point. Nor has Plaintiff properly pled

9

that Defendant lacked good faith in conducting an investigation or failed to communicate with Plaintiff.  To the contrary, Plaintiff alleges that Defendant undertook an investigation (Compl. ¶ 19), but fails to make any specific allegations that might constitute bad faith regarding that investigation.  Further, it appears that Defendant had a reasonable basis to delay its final coverage decision in light of the pending criminal motion, and that this position was adequately communicated to Plaintiff.  Accordingly, Plaintiff's bad faith claim at Count II will be dismissed.  Here again, however, the court will do so without prejudice, and will entertain a motion from Plaintiff to further amend his complaint pending a final coverage decision from State Farm regarding Plaintiff's claim.

**IV.       Conclusion**

For the reasons set forth herein, the court will grant Defendant's motion to dismiss.  An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  August 27, 2013.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODGER T. ATWOOD, II,** | : |
| Plaintiff | : CIVIL NO. 1:13-CV-1000 |
| v. | : |
| **STATE FARM FIRE AND CASUALTY CO.,** | : |
| | : **(Judge Rambo)** |
| Defendant | : |

### O R D E R

In accordance with the accompanying memorandum of law, it is **HEREBY ORDERED** that Defendant's amended motion to dismiss (Doc. 17) is **GRANTED**, as follows:

1. Plaintiff's demand for attorney's fees at Count II (bad faith) of the amended complaint is **STRICKEN**;

2. Count II of Plaintiff's amended complaint is **DISMISSED** without prejudice.

                                                              s/Sylvia H. Rambo
                                                          United States District Judge

Dated: August 27, 2013.