IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODGER T. ATWOOD, II,** : | |
| Plaintiff : | Civil No. 1:13-CV-1000 |
| : | |
| v. : | |
| : | |
| **STATE FARM FIRE AND** : | |
| **CASUALTY CO.,** : | Sylvia H. Rambo |
| Defendant : | |

# M E M O R A N D U M

This civil action involves a breach of contract claim in connection to a homeowner's insurance policy, arising from a fire that occurred at Plaintiff's residence on or about March 31, 2012. Presently before the court are two motions: Plaintiff's motion to amend his complaint (Doc. 35) and Plaintiff's renewed motion for appointment of counsel (Doc. 36). For the reasons that follow, the motion to amend the complaint will be granted and the motion for appointment of counsel will be denied.

## I.   Background

As both parties are intimately familiar with the facts of this case, the court will include only the background information relevant to decide the current motions.

### A.   Facts[1]

On or about May 2, 2011, Plaintiff, Rodger T. Atwood II ("Plaintiff"), purchased a homeowner's insurance policy from Defendant, State Farm Fire and

---

[1] The factual allegations set forth in this memorandum are drawn from Plaintiff's original complaint (Doc. 1, Ex.2) and the proposed amended complaint (Doc. 35-1).

Casualty Company ("State Farm" or "Defendant"), covering Plaintiff's residence and personal property located at 740 Pine Hill Road, Duncannon, Pennsylvania, within the Middle District of Pennsylvania. (Doc. 1, Ex. 2 ("Compl."), ¶ 6.) On February 7, 2012, federal authorities, headed by the Drug Enforcement Agency in Harrisburg, Pennsylvania, entered Plaintiff's home by knocking down the front door, rendering the property unsecured. (*Id.* at ¶ 10.) For a period of time thereafter, Plaintiff left the area in an attempt to avoid arrest by federal authorities. (*Id.* at ¶ 13.) While Plaintiff was "on the lam," he was informed by his brothers that there had been thefts from the house and garage on a nearly daily basis. (*Id.* at ¶ 14.) Further, a fire occurred at the residence on or about March 31, 2012.[2] (*Id.* at ¶ 15.) By letter dated April 3, 2012, Plaintiff gave written notice of the fire and thefts to Defendant along with an inventory of the personal property stolen or destroyed by the fire. (*Id.* at ¶ 18.) After receipt of Plaintiff's written notice, Defendant undertook an investigation of Plaintiff's claim. (*Id.* at ¶ 19.) To that end, Plaintiff spoke with Greg Lunde, an authorized agent of Defendant, and Ted Marzani, a claim representative and Special Investigations Unit investigator. (*Id.* at ¶ 20.)

On May 10, 2012, Plaintiff, his wife, and his parents were arrested in Florissant, Colorado. (*Id.* at ¶ 21.) Criminal proceedings were filed against Defendant in the Middle District of Pennsylvania, which included a forfeiture proceeding against Plaintiff's residence. (*Id.* at ¶ 34.)

Plaintiff has submitted claims to State Farm for his losses in the amount of $278,000.00 for his dwelling, "plus an additional amount of $55,600.00 under

---

[2] Plaintiff avers that there is some dispute as to the actual date of the fire, as between March 3, 29, or 31, 2012. (*Id.* at ¶ 15.)

Option ID;" $219,134.00 for personal property; and approximately $48,000.00 for loss of use. (*Id.* at ¶ 47.) Defendant has provided a detailed listing of his personal property to Defendant. (*Id.*)

Nearly thirty months have passed since the date of the loss. To date, Defendant has not denied Plaintiff's claim, but has made only partial payment. (Doc. 35-1, ¶ 36.) On September 4, 2013, Defendant issued a check to the mortgage lien holder, Edward Jones, in the amount of $180,970.82, representing the remaining mortgage balance on the property plus interest. (*Id.*) In addition, Defendant has paid Plaintiff $128,824.05 for loss of personal property. (Doc. 43, ¶ 5.) Defendant has not made any payment toward Plaintiff's loss of use claim. (*Id.*)

### B.     **Procedural History**

Plaintiff initiated this action by filing a complaint in the Court of Common Pleas of Cumberland County on March 4, 2013 for breach of contract and bad faith (Doc. 1, Ex. 2), which was removed to federal court by Defendant on April 17, 2013 (Doc. 1). On April 24, 2013, Defendant filed a motion to dismiss Plaintiff's complaint (Doc. 2), followed by a brief in support on May 3, 2013 (Doc. 5). On May 8, 2013, Plaintiff filed a response in opposition. (Doc. 8.) On May 15, 2013, Plaintiff filed an additional response to Defendant's motion to dismiss, wherein he requested leave to file an amended complaint. (Doc. 10.) The court granted Plaintiff's request and directed him to file an amended complaint by May 29, 2013. (Doc. 11.) Plaintiff failed to file an amended complaint by May 29, 2013, and, on June 3, 2013, the court issued a rule to show cause why an amended complaint had not been filed. (Doc. 12.) On June 10, 2013, Plaintiff filed a letter to the Clerk or Court (Doc. 13) claiming that his May 15, 2013 response (Doc. 10)

effectively amended his complaint.  The court disagreed, noting that, if Plaintiff wished to alter his complaint, he was required to file an amended complaint, separate and apart from any complaint or document previously filed, and granted him an additional ten days to file an amended complaint.  (Doc. 14.)  On June 17, 2013, Plaintiff filed an amended complaint (Doc. 15), which the court accepted for filing (Doc. 16).  In response, Defendant filed an amended motion to dismiss (Doc. 17) and brief in support (Doc. 19).  On July 29, 2013, Plaintiff filed a brief in opposition. (Doc. 20.)  By memorandum and order, the court granted Defendant's motion to dismiss and dismissed without prejudice Plaintiff's bad faith claim at Count II, primarily because the insurance coverage was not yet denied, noting that Defendant had a reasonable basis to delay its final coverage decision in light of the pending criminal charges.  (Doc. 21.)  The court invited Plaintiff to amend his complaint upon the issuance of a final coverage decision from Defendant regarding Plaintiff's claim.  (*Id.*)  The court also denied Plaintiff's demand for attorney's fees, noting that Plaintiff was proceeding *pro se*, but added that if an attorney entered his or her appearance, the court would consider a motion by Plaintiff to amend his complaint to add a request for attorney's fees.  (*Id.*)

On September 10, 2013, Defendant filed an answer to Plaintiff's amended complaint (Doc. 22), to which Plaintiff filed a response on September 19, 2013 (Doc. 23).  A case management order was entered on March 14, 2014.  (Doc. 29.)  On June 27, 2014, Plaintiff filed a motion to extend the time to file any motion to amend (Docs. 30 & 31), and Defendant filed a response on July 7, 2014 (Doc. 32). The court granted Plaintiff's motion, thereby extending the joinder and amendments deadline until July 31, 2014.  (Doc. 33.)  On July 30, 2014, Plaintiff filed the instant

motion for leave to amend the complaint and renewed his motion to appoint counsel. (Docs. 35 & 36.) Defendant filed a response to Plaintiff's renewed motion for appointment of counsel on August 8, 2014. (Doc. 37.) Plaintiff replied on August 21, 2014. (Doc. 38.) On August 25, 2014, Defendant filed a response to Plaintiff's motion to amend the complaint (Doc. 40), and Plaintiff replied on September 11, 2014 (Doc. 43). Thus, both motions have been fully briefed and are ripe for consideration.

**II.** **Motion to Amend the Complaint**

    **A.** **Legal Standard**

Under Rule 15, "leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Forman v. Davis*, 371 U.S. 178 (1962)). Delay is undue where a plaintiff attempts to re-plead facts which could have earlier been pleaded. *Cureton v. National Collegiate Athletics Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "A finding of dilatory motive is justified where the plaintiff acts 'in an effort to prolong litigation.'" *Breyer v. Meissner*, 23 F. Supp. 2d 540, 542 (E.D. Pa. 1998). Such efforts are apparent when the motion attempts to plead additional information that was previously available, and the plaintiff fails to provide an explanation as to why the information was not included in the original complaint. *See Scattergood v. Pearlman*, 945 F.2d 618, 627 (3d Cir. 1991)). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original

complaint or if the amended complaint cannot withstand a renewed motion to dismiss. *Jablonski*, 863 F.2d at 292.

### B. Discussion[3]

At issue regarding the matter *sub judice* is whether Plaintiff should be permitted to amend his complaint to reassert his bad faith claim, which was previously dismissed by the court without prejudice for failure to state a claim. (Doc. 21, pp. 7-10 of 11.) In its August 27, 2013 memorandum, the court explained that it was granting Defendant's motion to dismiss primarily because the insurance coverage had not yet been denied, and noted that Defendant had a reasonable basis to delay its final coverage decision in light of the pending criminal charges. (*Id.*) The court invited Plaintiff to amend his complaint upon the issuance of a final coverage decision from Defendant regarding Plaintiff's claim. (*Id.* at 10 of 11.) In his proposed amended complaint, Plaintiff avers that, after nearly two-and-a-half years, Defendant's failure to pay only slightly more than half of his personal property claim and none of his loss of use claim effectively amounts to a denial of the insurance claim. In response, Defendant argues that the amended complaint would be futile because it has not denied Plaintiff's claim. To the contrary, it has paid Plaintiff's claim for the damage to the structure of his home and for personal property. Defendant further argues that it could not release the insurance proceeds sooner due to the criminal charges against Plaintiff and the post-indictment restraining order/levy issued by the court in the criminal case.

---

[3] Defendant first argues that the court should deem Plaintiff's motion to amend withdrawn for failure to file a brief in support within fourteen days, pursuant to Local Rule 7.5. However, a supporting brief is essentially incorporated within the motion itself. (*See* Doc. 35.) Given Plaintiff's *pro se* status, the court will accept the motion as filed.

Under Pennsylvania law, an insured may receive damages and other relief if the insurer acted in bad faith. 42 Pa. C.S.A. § 8371. To establish a claim for bad faith, "the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that [the] defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (citations omitted); *see also Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F. 3d 218, 225 (3d Cir. 2005) (adopting the definition of bad faith as set forth in *Terletsky*). However, the statute is not limited to an insurer's bad faith in denying a claim. Rather, "[a] plaintiff may also successfully make a claim for [ ] bad faith in an insurer's investigative practices, such as a lack of good faith investigation into facts, and failure to communicate with the claimant." *Sypeck v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 3:12-cv-324, 2012 WL 2239730, *3 (M.D. Pa. June 15, 2012) (internal quotations and citations omitted). In addition, even where a claim is eventually paid, "[d]elay is a relevant factor in determining whether bad faith has occurred." *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999) (citing *Klinger v. State Farm Mut. Auto Ins*. Co., 115 F.3d 230, 234 (3d Cir. 1997)). To constitute bad faith, however, mere negligence or bad judgment is not enough. *Terletsky*, 649 A.2d at 688. Instead, the plaintiff must show that the insurer breached its duty of good faith "through some motive of self-interest or ill-will." *Id*. Bad faith must be established by clear and convincing evidence. *Sypeck*, 2012 WL 2239730 at *3.

Here, in support of his bad faith claim, Plaintiff asserts, in part, as follows:

7

> Twenty-eight (28) months have passed since the date of the loss. 18 months passed from the date of the loss to the date the Government withdrew its motion for a restraining order. It is not unreasonable to think that 18 months is more than ample time for the insurer to do all its number crunching to arrive at payout figures for the residence premises, the personal property, and the loss of use. Before the Government withdrew its motion, the insurer knew that it was going to pay the claim, either to the Government if it prevailed in its motion, or the insured. Now, an additional 10 months have passed and the insurer continues to stonewall. Plaintiff believes (and the record confirms) that Defendant has intentionally delayed the resolution of Plaintiff's claim.
>
> * * *
>
> It appears as if Defendant is taking advantage of both the fact that Plaintiff is incarcerated and that Plaintiff is indigent.

(Doc. 35-1, ¶¶ 53, 59.)

Based upon the allegations set forth in the proposed amended complaint, the court finds that it is appropriate at this juncture to permit Plaintiff to amend his complaint to reassert his bad faith claim against Defendant. Plaintiff alleges that, while Defendant has paid the lien holder for the property damage, it has only paid approximately 57 percent of Defendant's personal property claim and has, thus far, declined to pay his loss of use claim. Although the court invited Plaintiff to amend his complaint if his claim was denied, the court agrees that Defendant's failure to pay the balance of the personal property claim and the loss of use claim may effectively amount to a denial of coverage, especially considering the passage of time. Further, the court finds that Defendant's arguments regarding the futility of the proposed amended complaint are better suited for a motion for summary judgment as they involve facts and events that are extraneous to the complaint.

In summary, the court finds that the amendment should be permitted. The addition of the bad faith claim as well as the additional factual allegations outlined in the proposed amended complaint are amendments that do not appear to be futile. In light of the foregoing and upon consideration that leave to amend is generally "freely given," Plaintiff's motion for leave to file an amended complaint will be granted.

### III.     Motion for Appointment of Counsel

#### A.     Legal Standard

It is well settled that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Gordon v. Gonzalez*, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). However, it is within the court's discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The court's decision whether to appoint counsel is to be given wide latitude and will only be overturned if its ruling is clearly an abuse of discretion. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

In *Tabron*, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel. As a threshold matter, the district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. Upon a favorable finding, the court must then consider certain additional factors that bear on the necessity for the appointment of counsel. *Id.* These include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be

necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-56. This list is neither exhaustive nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

### B. Discussion

Assuming, solely for the purpose of deciding these motions, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against appointment of counsel. While Plaintiff is a *pro se* litigant, he has demonstrated an aptitude for litigation. Indeed, throughout the extensive legal proceedings thus far, Plaintiff has presented comprehensible legal arguments with appropriate citations to governing authority. The numerous *pro se* filings in this case alone evince Plaintiff's familiarity with the legal system. He not only files appropriate motions with well crafted arguments, but is also responsive to the arguments presented by Defendant. Further, the legal issues in this case are relatively uncomplicated, and any investigation does not appear to be beyond Plaintiff's ability. Indeed, although Plaintiff has encountered some difficulties in obtaining certain documents while incarcerated, he has demonstrated an ability to overcome those obstacles. In addition, there is some indication that Plaintiff can afford to retain his own counsel.[3] Finally, this case does not appear to be one that will turn on credibility or require expert witness testimony. In short, Plaintiff

---

[3] The fact that Plaintiff has received $128,824.05 from Defendant leads the court to question his claim of indigency.

demonstrates a certain level of sophistication, he knows his case well, and has had full access to the facts, material or otherwise, relating to his case. Therefore, Plaintiff's renewed motion for appointment of counsel will be denied.

**IV.     Conclusion**

For the reasons stated above, the court will grant Plaintiff's motion for leave to amend his complaint and deny Plaintiff's motion for appointment of counsel.

An appropriate order will be issued and docketed separately.

s/Sylvia H. Rambo
United States District Judge

Dated: October 1, 2014.